1   Robert Ottinger (SBN 156825)
2   **THE OTTINGER FIRM, P.C.**
    535 Mission Street
3   San Francisco, CA 94133
    Tel: (415) 262-0096
4   Fax: (212) 571-0505
    Email: robert@ottingerlaw.com
5
6   *Attorney for Plaintiff Monica Tejada and*
    *the Putative Class*
7
8               **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10
11  MONICA TEJADA, individually and on behalf    **Case No.: TBD**
    of all others similarly situated,
12                                               **FIRST CLASS ACTION**
              Plaintiff,                         **& REPRESENTATIVE ACTION**
13                                               **COMPLAINT FOR DAMAGES,**
         vs.                                     **RESTITUTION AND OTHER RELIEF**
14
15  MEDIANEWS GROUP, INC., and DOES 1–10,    1.   Failure to Compensate Piece Rate
    inclusive,                                     Employees for Rest and Recovery
16                                                 Periods and Other Non-Productive
              Defendants.                          Time (Cal. Lab. Code §§ 226.2);
17
                                             2.   Failure To Provide Meal Periods (Cal.
18                                                Lab. Code §§ 226.7, 512 & 1198);
19                                           3.   Failure To Provide Rest Periods (Cal.
                                                 Lab. Code §§ 226.7, 512 & 1198);
20                                           4.   Failure To Pay Minimum and
21                                                Overtime Wages (Cal. Lab. Code
                                                 §§ 510, 1194, 1194.2 & 1198);
22                                           5.   Failure to Maintain Accurate and
23                                                Complete Employment Records (Cal.
                                                 Labor Code §§ 1174.5);
24                                           6.   Failure To Provide Accurate, Itemized
25                                                Wage Statements (Cal. Lab. Code
                                                 § 226);
26                                           7.   Waiting Time Penalties (Cal. Labor
                                                 Code §§ 201-203)
27
28                                           8.   Failure to Reimburse Business
                                                 Expenses (Cal. Labor Code § 2802)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.   Unfair Competition (Cal. Bus. & Prof.
     Code §17200 *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff Monica Tejada, individually and on behalf of all others similarly situated (collectively, "Plaintiffs" or "Class Members"), complain and allege upon personal knowledge and information and belief as follows:

**INTRODUCTION**

1.     Plaintiff brings this class action against Defendant MediaNews Group, Inc. ("MNG") and DOES 1–10 (collectively "Defendants"), and on behalf of other persons similarly situated in California (collectively referred to as the "Class Members") from the date four years prior to the filing of the Complaint through the date of trial in the action.

2.     Defendant violated California law by maintaining policies and practices that systematically fail to provide employees with the protections of California's Labor Code.  Due to Defendant's policies and practices, Defendant has violated numerous provisions of the California Labor Code, including but not limited to, failing to compensate Class Members for all hours worked, failing to compensate piece rate employees for rest and recovery periods and other non-productive time, failure to provide Class Members with meal periods and rest periods, failure to provide Class Members with minimum and overtime wages, failing to maintain accurate and complete employment records, failure to provide Class Members with accurate, itemized wage statements, failure to reimburse Class Members for business expenses, and failure to timely pay all wage earned. Plaintiff also alleges that these acts, which violate the California Labor Code, constitute unlawful and unfair business practices in violation of the California Unfair Competition Laws.

**PARTIES**

3.     Plaintiff Monica Tejada is an adult individual who was employed by MNG as a newspaper carrier from approximately 2015 to December 2016 around San Mateo, California.  At all relevant times, Plaintiff met the definition of an "employee" of MNG under all applicable statutes, despite MNG's misclassification of Ms. Tejada as an independent contractor.  At all relevant times Plaintiff Tejada's employment with MNG was governed by Title VIII of the California Code of Regulations, § 11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-2001.

4.      On information and belief, Defendant MediaNews Group, Inc. is incorporated under the laws of the State of Delaware with a principal place of business in the state of Colorado, located at 101 W Colfax Ave, Suite 1100, Denver, CO 80202.

5.      MNG is a media company distributing online and print media, including *The Mercury News*, throughout the San Francisco Bay Area.  At all relevant times herein, MNG met the definition of "employer" under all applicable statutes.

6.      On information and belief, during the liability period MNG employed Plaintiff (and the Class Members) as "Newspaper Dealers" and/or "Newspaper Carriers" but classified them as independent contractors rather than employees.

7.      On information and belief, MNG directly or indirectly exercised control over the wages, hours and working conditions of Plaintiff and the Class Members.

8.      On information and belief, MNG delivers *The Mercury News* and other papers.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiff who therefore sues Defendants by such fictitious names.  When the true names and capacities of Does 1-10 are ascertained, Plaintiff will amend her Complaint to insert their true names and capacities.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the Class Members herein alleged were proximately caused by such Defendants.

10.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to the action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION & VENUE

11.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action where "any member of a class

of plaintiffs is a citizen of a state different from any defendant and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs."

12.     In addition, this is a class action brought in diversity between Plaintiff and the Class Members and Defendant MNG, wherein jurisdiction lies under 28 U.S.C. § 1332.

13.     This Court has personal jurisdiction over Defendant MNG, because MNG has sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

14.     Venue is proper in this District under 28 U.S.C. § 1391, because: a substantial part of the events or omissions giving rise to Plaintiff and the Class Member's claims occurred within this district; MNG transacts business, committed an act alleged to be unconstitutional, illegal or tortious, and/or is found within this district.

## GENERAL FACTUAL ALLEGATIONS

**A. Defendant's Operation**

15.     Defendant MNG publishes and distributes newspapers of general circulation.  Many of MNG's customers receive home delivery of newspapers on a daily basis.

16.     Defendant organized the distribution of newspapers by maintaining a distribution facility in Redwood City, California and San Carlos, California.

17.     Newspaper delivery is an integral part of the business enterprise of MNG.  Plaintiff and the Class Members perform an integral part of MNG's operations, which include distributing newspapers.

18.     MNG has, at all relevant times, had the right to control Plaintiff and the Class Members' performance of their work as Newspaper Carriers and/or Newspaper Dealers.

**B. Defendant's Control over Plaintiff and the Class Members and Their Work**

19.     The work performed by Plaintiff and the Class Members for MNG did and does not involve any variable scope of independence or choice.  Rather, MNG controlled and controls the duties Plaintiff and the Class Members perform and the hours Plaintiff and the Class Members work.

20.    Defendant required Plaintiff to pick up and deliver newspapers by certain specified hours.

21.    Upon information and belief, Plaintiff and Class Members were paid piece rates for delivering different newspapers that did not vary based on their hours worked.

22.    Plaintiff Monica Tejada worked approximately thirty-seven (37.5) hours per week and, upon information and belief, received less than the applicable minimum wage.  Plaintiff Tejada generally worked from Monday to Saturday, from around 2 a.m. to 7 a.m., and on Sunday, from around 1 a.m. to 8:30 a.m.

23.    On information and belief, Class Members were and are subjected by Defendant MNG to substantially the same contractual terms with respect to the condition and timing of their delivery of newspapers to Defendant's customers.

24.    Plaintiff had a regular schedule or was required to pick up newspapers by a certain hour, which was determined by Defendant.

25.    On information and belief, Defendant instructed Plaintiff on exactly how, when, and where to deliver newspapers.  In addition to contractually designating the geographic scope of Plaintiff's and Class Members' delivery routes, Defendant generated and controlled Plaintiff's and Class Members' route lists on a daily basis.

26.    On information and belief, the Class Members were and are likewise subject to Defendant's control as described in the previous paragraph.  Class Members were and are required to work with other drivers, and had regular schedules set by MNG.  Upon information and belief, Class Members had contracts stipulating their schedules and compensation, all dictated by MNG.

27.    On a typical workday, Plaintiff drove to Defendant's warehouse in her own vehicle. Upon arriving at the warehouse, Plaintiff ensured newspapers were properly folded and/or sorted. Plaintiff then loaded her personal vehicle, drove to stops on the route assigned to her by Defendant, and distributed newspapers to houses and businesses on her route.  Newspaper dealers received communications about re-deliveries from MNG, and then communicated that information to newspaper carriers.

28.     Upon information and belief, aside from the duties expressly included in Class Members' contracts, MNG demanded additional services outside of the contracts and outside of the delivery hours specified in the contracts for which Class Members were required to remain on-call and subject to MNG's control.  Upon information and belief, for example, MNG required re-delivery of missing, damaged, or stolen products.  On information and belief, these demands were communicated to newspapers dealers through MNG's online portals, and newspaper dealers communicated the demands to newspaper carriers.  On information and belief, newspapers dealers were required to actively monitor and refresh these online portals each day and respond accordingly to re-delivery requests and other demands for service from MNG's customers, and communicate the re-delivery requests and other demands for service to newspaper carriers.  On information and belief, these other services require accessing an online portal, and include directives from MNG to establish customer contact, perform on-site inspections for property damages, or to address product placement issues and other services required by MNG to be satisfied by Class Members.

29.     On information and belief, the Class Members were required by MNG to engage in the additional extra-contractual duties specified in the previous paragraph and were subject to MNG's control for hours beyond those specified in contracts as described in the previous paragraph.

30.     In performing these duties for MNG, Plaintiff drove her own car, paid for her own gas, paid for her own vehicle maintenance, used her own cell phone, and paid for her own liability insurance, bags for papers, and rubber bands.

31.     On information and belief, Class Members likewise drove their own vehicles, paid for their own gas, paid for their own vehicle maintenance, used their own cell phones, and paid for their own liability insurance while working for MNG.

32.     Other than as described above, Plaintiff and the Class Members did and do not invest in equipment with respect to their work for MNG, and a relatively low degree of skill is required to perform the duties required by MNG of Plaintiff and the Class Members.

**C.  Misclassification**

33.     Plaintiff realleges each and every fact in all preceding paragraphs, as alleged herein.

34.     MNG has always classified Plaintiff and the Class Members as independent contractors.

35.     Despite MNG's classification of Plaintiff and the Class Members as independent contractors, Plaintiff and the Class Members have been under the control and direction of MNG in connection with the work they performed, both under their contracts, and for extra-contractual work performed.

36.     MNG controlled and controls Plaintiff and the Class Members' hours of work and supervised Plaintiff and the Class Members.

37.     MNG enjoyed and enjoys the right to terminate, at will and without cause, its employment relationship with Plaintiff and the Class Members.

38.     Plaintiff (and on information and belief the Class Members) did not perform other work outside of MNG's line of business.

39.     Plaintiff (and, on information and belief the Class Members) were not customarily engaged in any independently established trade, occupation, or business of the same nature as the work they performed for MNG.

40.     Plaintiff (and on information and belief the Class Members) generally had to work seven (7) consecutive days per week without proper overtime compensation, and Class Members, on information and belief, had to work more than eight (8) hours per day and/or forty (40) hours per week, without proper compensation for overtime.

41.     Under conventional legal, and economic tests, Plaintiff's and the Class Members' relationship with MNG was that of an employee and not of an independent contractor. Because Plaintiff and the Class Members were and/or are employees and not independent contractors, numerous California Labor Code violations have occurred and/or are occurring. Accordingly, MNG is in violation of the laws of the State of California.

## CLASS ALLEGATIONS

42.     Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiff brings this action on behalf of themselves and the following defined group:

All persons who are or have been contracted or otherwise engaged for work by Defendant MediaNews Group, Inc. in the State of California within the four years prior to the filing of this Complaint to the final disposition of this case to provide for distribution and delivery of print media products, including the *The Mercury News*, to Defendant MediaNews Group, Inc.'s customers in the State of California, including, but not limited to individuals referred to as "Newspaper Carriers" and/or as "Newspaper Dealers."

43.     **Reservation of Rights:** This action is brought as a class action and may properly be so maintained pursuant to the provisions of Federal Rule of Civil Procedure 23. Plaintiff reserves the right to amend or modify the class definition and or the class period pursuant to discovery that is conducted hereafter.

44.     **Numerosity:** The Proposed Class is so numerous that joinder of all members is impracticable. The precise identities, numbers and addresses of members of the Class are unknown to the Plaintiff but may and should be known with proper and full discovery of Defendant, third parties, and their respective records.

45.     **Typicality:** Plaintiff's claims are typical of all other Class Members as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other Class Members with whom he has a well-defined community of interest.

46.     **Adequacy:** Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of the action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of the action for the substantial benefit of each class member. Plaintiff has retained counsel experienced in wage and hour class action litigation.

47.     **Predominant Common Questions:** This action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over questions affecting only individual class members, and a class action is superior to other available means for the fair and efficient adjudication of this dispute. Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

a.  Whether Defendant, as matters of policy or practice, has misclassified Class Members as independent contractors rather than employees.

b.  Whether Defendant, as a matter of policy or practice, has failed to relieve Class Members of all duty for first meal periods before the end of the fifth hour of their shifts?

c.  Whether Defendant, as matters of policy or practice, has failed to relieve Class Members of all duty for second meal periods before the end of the tenth hour of their shifts?

d.  Whether Defendant has failed to maintain a policy or practice that reasonably permits Class Members to take net rest periods of ten minutes for each four-hour work period, or major portion thereof?

e.  Whether Defendant has, as matters of policy or practice, failed to make good faith efforts to provide Class Members with rest periods of during the middle of each four-hour work period?

f.  Whether Defendant lacks any mechanism for paying premium wages to Class Members when they are not provided with timely meal and/or rest periods?

g.  Whether Defendant is liable to Class Members for restitution of overtime and premium wages?

h.  Whether, by failing to pay premium wages to Class Members, Defendant has failed to provide them with written wage statements that accurately reflect their gross and net wages earned?

i.  Whether Defendant had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all missed meal periods and rest breaks in violation of California law?

j.  Whether Defendant required Plaintiff and the other Class Members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class Members?

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF

k.  Whether Defendant required Plaintiff and the other Class Members to work seven (7) consecutive days failed to pay the legally required overtime compensation to Plaintiff and the other Class Members for such work?

l.  Whether Defendant complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226?

m.  Whether Defendant failed to pay timely and complete wages to former employees at termination in violation of California Labor Code, sections 201, 202, and 203?

n.  Whether Defendant kept complete and accurate payroll records as required by the California Labor Code, including *inter alia*, section 1174(d)?

o.  Whether Defendant's conduct was willful or reckless?

p.  Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*?

q.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law?

r.  Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code?

s.  Whether Defendant failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs?

and;

t.  Whether Plaintiff and the other Class Members are entitled to civil penalties under California Labor Code section 2699 *et seq.*?

48.  **Superiority:**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a corporate Defendant.  A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court.  A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication

of effort and expense that numerous individual actions would entail.  The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief.  Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding.  A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal.  Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

## **FIRST CAUSE OF ACTION**

***Failure to Compensate Piece Rate Employees for Rest and Recovery Periods and Other Non-Productive Time***

**(Lab. Code §§ 226.2)**

49.    Plaintiff incorporates each of the preceding paragraphs of the Complaint by reference as if fully set forth herein.

50.    As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff and Class Members have not been compensated for rest and recovery periods and other non-productive time in accordance with Cal. Lab. Code § 226.2.

51.    Defendant MNG did not avail itself to the California Labor Code § 226.2 Safe Harbor Provision and is required to compensate Plaintiff and Class Members for meal and rest breaks not included in their Piece Rates, and nonproductive time based on their average hourly rate, along with interest.

## **SECOND CAUSE OF ACTION**

***Failure to Provide Meal Periods***

**(Lab. Code §§ 226.7, 512, and 1198)**

52.    Plaintiff incorporates all of the preceding paragraphs of the Complaint as if fully set forth herein.

53.     As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff and Class Members were misclassified as independent contractors. As such, Defendant has systematically failed and/or refused to provide Plaintiff and Class Members with uninterrupted, off-duty meal breaks of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed to Plaintiff and Class Members as employees under Cal. Labor Code § 226.7 and 512, and Wage Order 1-2001.

54.     Labor Code § 226.7(b) and Paragraph 11 of Wage Order 2001-01 require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

55.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

56.     At relevant times during their employment, Defendant failed to relieve Plaintiff and Class Members of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work and failed to pay their premium wages on those workdays.

57.     Plaintiff is informed, believe, and thereon allege that, at all relevant times, Defendant has maintained policies and practices with respect to employee scheduling and meal periods that have prevented Plaintiff and Class Members from being relieved of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work, and have failed to pay them premium wages on those workdays.

58.     Pursuant to Labor Code § 226.7, Plaintiff, on behalf of herself and Class Members, seeks to recover premium wages in amounts subject to proof.

### **THIRD CAUSE OF ACTION**

***Failure to Provide Rest Periods***

**(Lab. Code §§ 226.7, 512, and 1198)**

59.     Plaintiff incorporates all of the preceding paragraphs of the Complaint as if fully set forth herein.

60.     As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff and Class Members were misclassified as independent contractors. As such, Defendant has systematically failed and/or refused to authorize or permit Plaintiff and Class Members to take an uninterrupted 10-minute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under Cal. Labor Code § 226.7 and Wage Order 1-2001.

61.     Paragraph 12 of Wage Order 4-2001 imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

62.     Labor Code § 226.7 and Section 12 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

63.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

64.     At relevant times during their employment, Defendant failed to authorize and permit Plaintiff and Class Members to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay their premium wages on those workdays.

65.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendant has maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and/or reasonably permit Plaintiff and Class Members to take net rest periods for each four-hour work period, or major portion thereof.

66.     Plaintiff, on behalf of herself and Class Members, seek to recover premium wages for missed rest periods, consisting of an additional hour of pay at the regular rate of pay for each day a rest period was not provided, pursuant to Cal. Labor Code § 226.7 and Wage Order 1-2001.

**FOURTH CAUSE OF ACTION**

***Failure to Pay Minimum and Overtime Wages***

**(Lab. Code § 510, 1194, 1194.2, and 1198)**

67.     Plaintiff incorporates all of the preceding paragraphs of the Complaint as if fully set forth herein.

68.     At all relevant times, Plaintiff and Class Members have been non-exempt employees of Defendant entitled to the full protections of the California Labor Code and Wage Order 1-2001.

69.     Cal. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate Wage Order 1-2001.

70.     Section 2(K) of Wage Order 1-2001 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

71.     Cal. Labor Code §§ 510 and 1194, and Section 3 of Wage Order 1-2001, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive day.

72.     Cal. Labor Code §§ 510 and 1194, and Section 3 of Wage Ordre 1-2001, also require employers to pay overtime wages to their non-exempt employees at no less than two times their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday.

73.     During the entirety of the employment period, Defendant had a consistent policy of requiring Plaintiff and Class Members to work without compensating Plaintiff and Class Members at a rate of one and one-half of their regular rate of pay for overtime work performed, in violation of Cal. Lab. Code §1194.

74.     Pursuant to Cal. Labor Code §§ 1194 (a) and 1194.2 (a), Plaintiff, on behalf of herself and Class Members, seeks to recover earned and unpaid overtime wages, interest thereon,

awards of reasonable attorneys' fees and costs, and liquidated damages, all in amounts subject to proof.

## FIFTH CAUSE OF ACTION

### *Failure to Maintain Accurate and Complete Employment Records*

### **(Cal. Labor Code §§ 1174.5)**

75.     Plaintiff incorporates all of the preceding paragraphs of the Complaint as if fully set forth herein.

76.     Cal. Labor Code  § 1174 (d) requires an employer to keep at a central location in California or at the plant or establishment at which employees are employed, payroll records showing the hours worked daily by, and the wages paid to, each employee, and the number of piece-rate units earned by and any applicable piece rate paid to each employee. Plaintiff is informed and believes that Defendant willfully failed to make and keep such records for Plaintiff and Class Members.

77.     IWC Wage Order No. 1-2001, paragraph (7)(A) requires that every employer keep accurate employee information, including time records showing when each employee begins and ends each work period, and applicable rates of pay. Plaintiff is informed and believes that Defendant failed to make and keep such records for Plaintiff and Class Members.

78.     Plaintiff is informed and believe that Defendant's failure to keep payroll records and accurate employee information, as described above, violated Cal. Lab. Code  § 1174 (d) and IWC Wage Order No. 1-2001 (7)(A). Plaintiff and Class Members are entitled to penalties of $100 for the initial violation and $200 for each subsequent violation for every pay period during which these records and information were not kept by Defendant.

79.     Plaintiff, on behalf of herself and Class Members, is informed and believes that Defendant's failure to keep and maintain records and information, as described above, was willful, and Plaintiff and Class Members are entitled to a civil penalty of $500, pursuant to Cal. Lab. Code § 1174.5.

## SIXTH CAUSE OF ACTION

### *Failure to Provide Accurate, Itemized Wage Statements*

**(Cal. Labor Code § 226)**

80.     Plaintiff incorporates each of the preceding paragraphs of the Complaint by reference as if fully set forth herein.

81.     Section 226(a) of the Cal. Labor Code requires Defendant to itemize in wage statements all deductions made from wages earned by Plaintiff and Class Members, and to accurately report total hours worked, and wages earned, by such employees. Defendant has knowingly and intentionally failed to comply with Cal. Labor Code  § 226(a) on each and every wage statement that should have been provided to Plaintiff and Class Members.

82.     By failing to keep adequate records, as required by Cal. Labor Code § 226, Defendant has injured Plaintiff and Class Members, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendant (including wages, interest, and penalties thereon) due to Plaintiff and Class Members.

83.     Plaintiff, on behalf of themselves and Class Members, seek to recover the statutory penalties provided by Cal. Labor Code § 226€ for the wage statement violations committed by Defendant.

<u>**SEVENTH CAUSE OF ACTION**</u>
*Waiting Time Penalties*
**(Labor Code §§ 201–203)**

84.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

85.     Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

86.     Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours' notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours' notice before quitting.

87.    Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201–202.

88.    By failing to pay Plaintiff and Class Members earned premium wages, minimum wages, and/or overtime wages, Defendant failed to timely pay Plaintiff and Class Members all earned and unpaid wages in violation of Labor Code § 201 or § 202.

89.    Plaintiff is informed, believes, and thereon alleges that, by failing to pay former employee Class Members earned premium wages, minimum wages, and/or overtime wages, Defendant has failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

90.    Plaintiff is informed, believes and thereon alleges that, at all relevant times, Defendant's failures to pay her and former employee Class Members earned and unpaid wages in violation of Labor Code §§ 201–202 have been willful in that Defendant has had the ability to fully comply with the requirements set forth in those statutes, but has deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

91.    Pursuant to Labor Code § 203, Plaintiff, on behalf of herself and former employee Class Members, seeks up to thirty days of wages as waiting time penalties in amounts subject to proof.

92.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and former employee Class Members, seek awards of reasonable attorneys' fees and costs in amounts subject to proof.

## EIGHTH CAUSE OF ACTION

### *Failure to Reimburse Business Expenses*

### **(Cal. Labor Code § 2802)**

93.    Plaintiff incorporates all of the preceding paragraphs of the Complaint as if fully set forth herein.

94.    Pursuant to Cal. Labor Code § 2802, Defendant is required to indemnify Plaintiff

and Class Members for the expenses and losses incurred during the performance of their job duties. The purpose of this statute is to prevent employers from passing their operating expenses onto their employees. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

95.    In violation of Cal. Labor Code § 2802, Defendant required Plaintiff and Class Members to incur the following operational and necessary business expenses; (i) the cost of using cell phones Defendant required Plaintiff and Class Members to use for their work; (ii) the cost of cellular service; (iii) mileage and vehicle maintenance expenses; and (iv) and liability insurance. On information and belief, Plaintiff and Class Members were not reimbursed for these necessary business expenses.

96.    Plaintiff, on behalf of herself and Class Members, seeks to recover monies for these necessary business expenses for which she and the Class Members were not reimbursed, plus interest thereon, reasonable attorneys' fees and costs, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### *Unfair Competition*

### (Cal. Labor Code § 17200 *et seq.*)

97.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by references as if fully set forth herein.

98.    A violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* may be predicated on the violation of any state or federal law. Defendant's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* California has an important public policy of protection the welfare of employees, and thus provides for necessary meal and rest periods and that statutorily-guaranteed wages be paid for all hours worked and for missed meal and rest periods. Defendant's willful misclassification scheme has denied Plaintiff and Class Members mandated meal and rest periods, premium wages for missed meal and rest periods, and the legally-mandated minimum wages for all hours worked, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Over and above these violations, Defendant has failed to provide accurate, itemized wage statements, and failed to reimburse Plaintiff and Class Members for costs

associated with performing their jobs. Plaintiff, on behalf of herself and Class Members, seek to enforce important rights affecting the public interest within the meaning of Cal. Civ. Proc. Code § 1021.5.

99.     Defendant's misclassification scheme allows Defendant to strip Plaintiff and Class Members of their fundamental employment rights, such as the rights to minimum and overtime wages, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized wage statements, and the prompt payment of full wages within time limits set by law, as provided under various provisions of the California Labor Code and Wage Order 1-2001.

100.    Within its unlawful scheme, Defendant is able to unjustly keep and appropriate for itself significant amounts of money that otherwise should have been paid to Plaintiff and Class Members. Defendant is also able to illegally pass on business operational costs like the cost of purchasing equipment for use by Defendant's clients, the cost of using her phone, mileage and vehicle maintenance expense, and liability insurance, thereby reducing wages due, in violation of Cal. Labor Code § 2802. To the extent that Defendant requires to waive the benefits of said statute, Defendant also violated Cal. Labor Code § 2804. Defendant's actions, left unrectified, will aggregate to the impunity employers thereby enjoy and which California's labor laws are meant to redress, undermining the rights of workers and the desired balance in labor relations in this state.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of herself and all others similarly-situated, pray for relief and judgment against Defendant as follows:

A.     A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violated the laws of the United States and the State of California;

B.     An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.     An order that the action be certified as a class action;

D.     An order that the named Plaintiff herein be appointed class representative;

E.     An order that counsel for Plaintiff be appointed class counsel;

F.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

G.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all non-monetary and compensatory harm;

H.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest;

I.      An award of penalties, according to proof;

J.      For reimbursement of work-related expenses (Cal. Lab. Code §2802);

K.      That Defendant be found to have engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

L.      That Defendant be ordered and enjoined to make restitution of all losses incurred by the Plaintiff and Class Members, including disgorgement of wrongfully-withheld wages and unreimbursed expenses pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

M.      For punitive damages, as allowed by law;

N.      For reasonable attorneys' fees, interests and costs of suit, including expert witness fees;

O.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and all other similarly situated, hereby demand a trial by jury on all issues of fact and damages stated herein.

*       *       *

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

Dated: October 15, 2020
San Francisco, California

**THE OTTINGER FIRM, P.C.**

BY: _____
      **ROBERT OTTINGER, ESQ.**

*Attorney for Plaintiff*
*Monica Tejada and the Putative Class*

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF